UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN FINLEY,<br><br>   Plaintiff,<br><br>   v.<br><br>NATIONAL GENERAL AUTO HOME AND HEALTH INSURANCE, et al.,<br><br>   Defendants. | Case No. 22-cv-03313-HSG<br><br>**ORDER DISMISSING WITHOUT LEAVE TO AMEND FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 17 |

On September 19, 2022, Magistrate Judge Donna Ryu issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed with leave to amend because while "Plaintiff fail[ed] to adequately allege an amount in controversy that satisfies the jurisdictional requirement," it was "possible that with greater explanation, Plaintiff could show that his claims and requested damages exceed $75,000." Dkt. No. 12 at 4. No objections to the Report and Recommendation were filed and this Court adopted it in every respect. Dkt. No. 16.

Plaintiff, proceeding *pro se*, filed his First Amended Complaint ("FAC") on November 1, 2022. Dkt. No. 17. Plaintiff's FAC fails to address the deficiencies identified by Judge Ryu in her Report and Recommendation. Based on the nature of the deficiencies in Plaintiff's FAC and Plaintiff's failure to correct the deficiencies, the Court finds that granting leave to amend would be futile, and therefore **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's FAC, Dkt. No. 17. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotations omitted); *see also Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly

broad.") (quotation omitted); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal without leave to amend where court advised plaintiff of pleading deficiencies but plaintiff failed to correct those deficiencies in amended pleading).

The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated: 2/14/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

2